UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FINLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>NORTHERN CA CARPENTERS TRUST FUND BOARD OF TRUSTEES, et al.,<br><br>  Defendants. | No. 2:13-cv-1132-GEB-EFB PS<br><br>ORDER FOR SUPPLEMENTAL BRIEFING AND CONTINUANCE OF HEARING |

Defendants Carpenters Pension Trust Fund for Northern California ("Pension Fund"), erroneously named as Northern CA Carpenters Trust Fund Board of Trustees, Mike Knab, Bob Alvarado, Bill Feyling, Charlene Martinez, Rigo LaGuardia, and Jay Streets have moved to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). ECF Nos. 29, 30. The motions are currently set for hearing on December 18, 2013.

The first amended complaint purports to state a claim under the Employment Retirement Income Security Act ("ERISA"). *See generally* ECF No. 14. Defendants Pension Fund, Alvarado, Feyling, Knab, and Martinez argue that the Eastern District of California is not the proper forum for this action. ECF No. 30 at 4-5. ERISA's venue provision provides that an action against a pension fund "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides *or may be found*." 29 U.S.C.

1

1  § 1132(e)(2) (emphasis added).  For purposes of this provision, a defendant is "found" in any

2  district where personal jurisdiction may be properly asserted.  *Varsic v. U.S. Dist. Court for*

3  *Centr. Dist. Of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979).  Thus, the venue analysis is akin to a

4  minimum contacts analysis for in personam jurisdiction.  In determining whether a defendant has

5  sufficient minimum contacts with the forum to subject him to personal jurisdiction, a court

6  utilizes the following approach:

> (1) The nonresident must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  (2) The claim must be one which arises out of or results from the defendant's forum-related activities.  (3) Exercise of jurisdiction must be reasonable.

11  *Varsic*, 607 F.2d at 249 (citing *Data Disc, Inc. v. Systems Technology Assocs. Inc.*, 557 F.2d

12  1280, 1287 (9th Cir. 1977)).

13  Defendants argue that this court is not a proper venue because the Pension Fund is

14  administered in the Northern District of California; at the time of this action defendants were

15  located in the Northern District; the plan at issue was administered in the Northern District; the

16  Pension Fund resides in the Northern District; contributions are paid to the Pension Fund in the

17  Northern District; and plaintiff earned his last pension credits performing work in the Northern

18  District. ECF No. 30 at 5.  Defendants, however, have not specifically addressed whether they

19  have sufficient minimum contacts with the Eastern District of California to satisfy a personal

20  jurisdiction test.  Without such information, the court is unable to determine whether defendants

21  may be "found" in the Eastern District of California for purposes of 29 U.S.C. § 1132(e)(2).

22  Accordingly, the parties shall file supplemental briefs specifically addressing defendants'

23  contacts with the Eastern District of California and whether any such contacts, although perhaps

24  minimal, are sufficient to satisfy the "minimum contacts" test for whether defendants can be

25  "found" in this district for purposes of 29 U.S.C. § 1132(e)(2).

26  Furthermore, it is not entirely clear whether plaintiff believes that this action should be

27  transferred to the Northern District of California.  His brief in opposition to defendants' motions

28  to dismiss states that he agrees that if this matter goes to trial, it should be held in the Northern

District of California. ECF No. 31 at 4. He then proceeds to request that the court deny defendants' motion to transfer the matter to the Northern District of California so that he can attempt to settle the case in this district. *Id*. Plaintiff's inconsistent positions require clarification. While the parties are free to request an early settlement conference in whichever district this ultimately proceeds, the case will not proceed with pretrial litigation in one district only to be transferred to the other district for trial. If plaintiff wishes to proceed with this action in the Northern District of California, he must so state in his response to defendants' supplemental brief.

Accordingly, it is hereby ORDERED that:

1. On or before December 31, 2013, defendants shall file a supplemental brief addressing whether they can be "found" in the Eastern District of California for purposes of 29 U.S.C. § 1132(e)(2).

2. Plaintiff shall file a response to defendants' brief no later than January 8, 2014. Plaintiff shall indicate in his response whether he consents to this matter being transferred to the Northern District of California.

3. The December 18, 2013 hearing on defendants' motions to dismiss (ECF Nos. 29, 30) is continued to January 15, 2014 at 10:00 a.m. in Courtroom No. 8.

Dated:  December 17, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE