UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FINLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN CA. CARPENTERS PENSION TRUST FUND TRUSTEES, ET AL., BOB ALVARADO, MIKE KNAB, CHARLENE MARTINEZ, BILL FEYLING, FIELD REPRESENTATIVES RIGO LAGUARDIA LOCAL 217, SHAWN LEONARD LOCAL 2236, JAY STREETS LOCAL 405,<br><br>　　　　　Defendants. | No.  2:13-cv-1132-GEB-EFB PS<br><br><u>ORDER</u> |

　　　　On October 22, 2013, defendants Northern CA Carpenters Pension Trust Fund Trustee's, Mike Knab, Bob Alvarado, Bill Feyling, and Charlene Martinez moved to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that the Eastern District of California is not a proper venue for this action and Rule 12(b)(6) for failure to state a claim.[1]  ECF No. 30.  In what appears to be a duplicative motion, Bob Alvarado, Mike Knab, Bill Feyling, Rigo LaGuardia, and Jay Streets also move to dismiss on the identical

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

grounds but in their "individual" capacities. ECF No. 29.[2] For the reasons set forth below, it is recommended that defendants' motion to dismiss be granted in part and denied in part, and that plaintiff's first amended complaint be dismissed with leave to amend.

I.     Factual Allegations

Plaintiff worked as a carpenter and was a member of the United Brotherhood of Carpenters and Joiners of America (the "Union"). First Am. Compl., ECF No. 14 ¶¶ 8, 12. Since 1985, plaintiff has paid contributions to the Carpenters Pension Trust Fund for Northern California ("Pension Fund"), which is subject to the Employee Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 8, 13. Defendants Knab and Alvarado were on the board of trustees for the Pension Fund. *Id.* ¶ 10. Defendant Feyling was an administrator for the Pension Fund. *Id.*

Plaintiff joined Carpenters Local # 22 of the Union in San Francisco in 1978-79, and worked as a carpenter in Palm Springs. *Id.* ¶ 12. He subsequently moved to Arizona, but returned to California in July 1985 to work as a union carpenter. *Id.* Upon returning to California, he joined Local 1408 in Redwood City, where he met defendant Knab. *Id.* In September 2006, plaintiff was working as a foreman, but after 12 days he was replaced by a laborer who had only begun working as a carpenter in May 2006. *Id.* ¶ 19. Plaintiff alleges that defendants Leonard and Alvarado did nothing to get him reinstated as a foreman. *Id.*

Plaintiff further alleges that he became "Permanent & Stationary" in March 2010. *Id.* ¶ 20. Additionally, he was found permanently disabled effective April 13, 2007 in a decision issued by the Social Security Administration in July 2011. *Id.* ¶ 22. On August 28, 2011, plaintiff submitted a Carpenters Disability Pension Application. *Id.* ¶ 23. Thereafter, the Pension Fund's office sent plaintiff seven letters stating that plaintiff's disability application was being processed, and that while processing the application it was discovered that plaintiff was mistakenly granted extra pension credits. *Id.* ¶ 28. Plaintiff contends that these letters constituted "Fraud Discrimination." *Id.* ¶ 24.

/////

---

[2] The court determined that oral argument would not be of material assistance and therefore vacated the hearing on the motions to dismiss. *See* E.D. Cal. L.R. 230(g).

1    On March 8, 2012, plaintiff submitted an appeal challenging the removal of his pension
2 credits. *Id.* ¶ 25. The appeal argued that the Pension Fund acted maliciously and made
3 intentional false statements to cause plaintiff undue duress. *Id.* Plaintiff alleges that the Pension
4 Fund claimed that he "applied for pension credits from April 11, 2007 to September 29[,] 2009[,]
5 when in [plaintiff's] appeal [he] addressed that point stating [that] Social Security started paying
6 [him in] June 2009[,] as May 29, 2009 was the last date I collected California State Disability."
7 *Id.*

8    On March 13, 2012, the Pension Fund returned plaintiff's submitted "Retirement
9 Declaration,"[3] instructing him that it was not properly completed. *Id.* ¶ 26. Plaintiff was
10 informed that his effective pension date was January 2009, with benefits being paid beginning
11 February 2009, and that plaintiff needed to change his effective date for social security from April
12 2007 to January 2009. *Id.* ¶ 26. On March 16, 2012, plaintiff sent the Pension Fund a letter
13 "addressing [his] concerns," but was subsequently informed that his "effective date for pension
14 benefits begins January 2009." *Id.* ¶ 27. On June 7, 2012, plaintiff received a letter informing
15 him that his appeal had been denied and that he could challenge the decision by filing a civil
16 action in court. *Id.* ¶ 28.

17    Plaintiff now claims that the removal of his pension credits violated the Employer
18 Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 2, 3.

19 II.    Defendants' Motions to Dismiss
20    A.    Venue
21    Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure
22 12(b)(3), arguing the Eastern District of California is an improper venue under ERISA's venue
23 statute. ECF No. 29 at 8-9; ECF No. 30 at 4-5.

---

[3] It is unclear whether the "Retirement Declaration" discussed in paragraph 26 of the complaint is another name for the "Carpenters Disability Pension Application" referenced in paragraph 23. One of the difficulties in deciphering plaintiff's claims is that plaintiff uses many terms interchangeably. For example, plaintiff appears to refer to the Pension Fund as the Carpenters Pension Trust Fund for Northern California, ECF No. 14 ¶ 9, Carpenters Plan, *id.* ¶ 25, Carpenters, *id.* ¶¶ 25, 26, Carpenters Board of Trustees, *id.* ¶ 28, Carpenters Pension Trust Fund, *id.* ¶32.

Rule 12(b)(3) provides for dismissal of an action for improper venue. Fed. R. Civ. P. 12(b)(3). When venue in a particular district is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). ERISA's venue provision permits an action to be filed "in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found." 29 U.S.C. § 1332(e)(2). A defendant may be "found" in any district in which personal jurisdiction may be properly asserted. *Varsic v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979).

Where the defendant's contacts with the forum are "substantial" or "continuous and systematic," there is a sufficient connection between the defendant and the forum to support personal jurisdiction over claims that are unrelated to defendant's contacts with the forum. *Varsic*, 607 F.2d at 249 (quoting *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1997)). However, where the defendant's contacts with the forum are less pervasive, a court must evaluate the nature and quality of the defendant's contacts with the forum in relation to the plaintiff's claim. *Id*. This requires the following evaluation: "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable." *Id*.

In their motions to dismiss, defendants argued that this court is not a proper venue because the Pension Fund is administered in the Northern District of California; at the time of this action defendants were located in the Northern District; the Pension Fund resides in the Northern District; contributions are paid to the Pension Fund in the Northern District; and plaintiff earned his last pension credits performing work in the Northern District. ECF No. 29 at 8-9; ECF No. 30 at 5. Defendants, however, failed to specifically address whether they have sufficient minimum contacts with the Eastern District of California to satisfy a personal jurisdiction test. Accordingly, the parties' were ordered to brief the issue. ECF No. 38.

In their supplemental brief, defendants contend that the Pension Fund does not have sufficient minimum contacts with the Eastern District of California to make it a proper venue for this action. ECF No. 40 at 3. Specifically, the defendants argue that they have not undertaken any activity that promotes business in the Eastern District, the Pension Fund does not solicit or make sales in the Eastern District, nor does it maintain a bank account in the East District. *Id*. Defendants further argue that while employers might perform work in the Eastern District and thereby incur contribution obligations, all contributions are paid to the Pension Fund's office in the Northern District. *Id*.

In *Varsic*, the defendants, an insurance fund, its board of trustees, and its administrator (collectively the "Fund"), argued that they did not purposefully avail themselves of the privilege of conducting activities in the Central District of California because they had no control over the location of the beneficiaries or the performance of contribution-producing work. 607 F.2d at 249. The U.S. Court of Appeals for the Ninth Circuit rejected this argument and concluded that "the Fund's decision to participate with a union in a given forum, and to undertake the fiduciary duty of receiving contributions and making payments based upon work performed there, is sufficient to support in personam jurisdiction in that forum." *Id*. at 250.

Here, it is irrelevant that contributions are mailed or sent to the Northern District. The Pension fund concedes that it receives contributions from unions and its members for work that is performed in the Eastern District. *See* ECF No. 40 at 3 ("While contributing employers might perform work in the Eastern District and thereby incur a contribution obligation, the contributions are paid to Pension Fund's office in the Eastern District . . . ."). Accordingly, the first part of the personal jurisdiction inquiry is satisfied.

As for the second part, although plaintiff's claims are difficult to discern, it is apparent that he seeks to challenge the defendants' calculation of his pension credits. In his supplemental brief, plaintiff asserts that he worked and earned pension credits in the Eastern District of California, specifically in Sacramento, between the years of 1997 and 1998. ECF No. 42 at 2.

/////

/////

With this explanation, coupled with the allegations of the complaint, it is apparent that plaintiff challenges calculation of pension credits that include those earned in this district. Thus, plaintiff's claim arises out of defendants' forum-related activities.

The last factor requires the court to consider whether the exercise of jurisdiction would be reasonable. "The degree to which a defendant interjects himself into the (forum) affects the fairness of subjecting him to jurisdiction." *Varsic*, 607 F.2d at 250 (quoting *Data Disc Systems, Inc. v. Systems Technology Assoc., Inc.*, *supra*, 557 F.2d at 1288 (modification in original)). As in *Varsic*, the defendants placed themselves in a fiduciary position which included collecting contributions from the forum, and sending benefits to the forum. *See id*. Therefore, the fund must have anticipated the same type of claim plaintiff now alleges.[4] Accordingly, exercising jurisdiction is reasonable and therefore defendants may be "found" in this district for purposes of 29 U.S.C. § 1132(e)(2).[5] Accordingly, defendants' motions to dismiss this case for improper venue pursuant to Rule 12(b)(3) must be denied.

   B.  Motions to Dismiss for Failure to State a Claim

Defendants also move to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) for failure to state a claim. ECF Nos. 29 at 9-13, ECF No. 30 at 6-8.

        1.  Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

---

[4] Since this action arises out of defendants' contacts with the forum, the court need not decide whether the Fund's contacts with California are "continuous and systematic" or "substantial" enough to afford jurisdiction over an action unrelated to the defendants' forum activities.

[5] As defendants may be "found" in this district, the court need not address the alternative grounds for venue identified in 29 U.S.C. § 1132(e)(2).

1  236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to
2  'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
3  (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff
4  pleads factual content that allows the court to draw the reasonable inference that the defendant is
5  liable for the misconduct alleged." *Id*. Dismissal maybe appropriate based either on the lack of
6  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal
7  theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8  In considering a motion to dismiss, the court must accept as true the allegations of the
9  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe
10 the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in
11 the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

12 The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less
13 stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
14 Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and
15 an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28
16 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the
17 court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026,
18 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim
19 that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of*
20 *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to
21 accept legal conclusions cast in the form of factual allegations if those conclusions cannot
22 reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,
23 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted
24 deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

25 2. <u>Discussion</u>

26 Plaintiff brings this action pursuant ERISA, 29 U.S.C. § 1132(a)(1)(B). ECF No. 14 ¶¶ 4,
27 6. ERISA permits a plan participant to bring a claim "to recover benefits due to him under the
28 terms of the plan, to enforce his rights as a beneficiary under the terms of the plan, or to clarify

7

1  his right to future benefits under the terms of the plan." *Miniz v. Amec Constr. Mgmt.*, 623 F.3d
2  1290, 1294 (9th Cir. 2010).  A claim for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)
3  "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or
4  fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of
5  the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  ERISA's "statutory
6  scheme . . .' is built around reliance on the face of written plan documents.'" *U.S. Airways, Inc.*
7  *v. McCutchen*, ___ U.S. ___, 133 S.Ct. 1537, 1548 (2013) (quoting *Curtiss–Wright Corp. v.*
8  *Schoonejongen*, 514 U.S. 73, 83 (1995)).

9         While ERISA provides for review of a denial of benefits, plaintiff's amended complaint
10 fails to state a claim under ERISA.  First, the complaint does not specifically identify which
11 provision of the plan defendants allegedly violated.  Although plaintiff discusses various sections
12 of the plan—including sections that deal with calculating disability pension benefits and when
13 disabled participants are eligible to receive such benefits—it is not clear which section of the plan
14 defendants allegedly violated and how it was violated.  *See* ECF No. 14 at 5-6.  Without
15 identifying the specific provision defendants' allegedly violated, plaintiff has failed to allege
16 sufficient facts demonstrating that he was wrongfully denied pension benefits.

17        Furthermore, many of plaintiff's allegations are either conclusory or appear to be
18 unrelated to plaintiff's ERISA claim.  For instance, plaintiff alleges that Charlene Martinez and
19 Bill Feyling denied him weekly disability benefits when the Pension Fund changed its rules.
20 Plaintiff, however, fails to identify what rule was changed or explain how the change in rules
21 resulted in an improper denial of pension benefits.  Plaintiff also alleges that defendant Leonard
22 and Alvarado failed to get him reinstated as a foreman in 2006.  *Id*. ¶ 19.  It is unclear, however,
23 how this allegation relates to plaintiff's ERISA claim, or whether plaintiff intends to allege a
24 separate cause of action against these individual defendants.

25        The complaint is also cluttered with paragraphs containing incomplete allegations.  For
26 example, paragraph 35 reads "PENSION PLAN RULES 3.04 TO 3.08," paragraph 44 reads "Jan
27 2001 Westlake Village apartments COMPLAINT STEWARD exhibits wva hearing march 2003
28 wdb hearing find grievances not filed or refused by #217," and paragraphs 38 through 43 appear

to contain equations calculating plaintiff's benefits with no explanation of how such calculations relate to his claim. *Id*. at 10-11; *see e.g.* ¶ 40 ("8/11/1997 to 9/22/1997=41 dy./7x 35=205 hrs."). The complaint also contains the heading "COUNTS FRAUD DISCRIMINATION." ECF No. 14 at 9. It is unclear whether plaintiff intends to assert a separate cause of action for fraud and/or discrimination, and if so against which defendants such claim(s) is alleged.[6]

Accordingly, plaintiff has failed to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. 544, 555 (2007). The first amended complaint must therefore be dismissed.

Plaintiff should, however, be granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory.[7] *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above.

/////

---

[6] To the extent plaintiff is attempting to assert separate state law claims that challenge the denial of pension credits, such claims appear to be preempted by ERISA. *See Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (claims requiring interpretation of the plan are preempted).

[7] The individually named defendants argue that any claims against them should be dismissed without leave to amend because "[t]here is no individual liability for acts and conduct of the individual Defendants undertaken on behalf of Local 217 or Local 405 or while the Defendants were performing job duties as field representatives or the Executive Director for their respective organizations." ECF No. 29 at 11. The court is unable to discern the basis for plaintiff's causes of action, if any are indeed alleged, against the individual defendants. Until the court can determine what, if any claim(s) is asserted against those persons is premature to determine that no claim can possibly be stated against them. However, it is clear that ERISA "exempts agents and members from personal liability for judgments against the Union (apparently even when the Union is without assets to pay the judgment)." *Atkinson v. Sinclair Ref. Co*., 370 U.S. 238, 248 (1962); *Williams v. Pacific Maritime Association*, 421 F.2d 1287, 1289 (9th Cir.1970). It is also clear that the limitations and conditions of the plan cannot be "evaded or truncated by the simple device of suing union agents or members, whether in contract or in tort, or both, in a separate count or in a separate action for damages . . . ." *Atkinson,* at 249.

Any amended complaint must also be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF Nos. 29, 30, be granted in part and denied in part as follows:

   a. Defendants' request to dismiss the case for improper venue pursuant to Rule 12(b)(3) be denied; and

   b. The complaint be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

2. Plaintiff be provided thirty days from the date of any order adopting these findings and recommendations is filed to file a first amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE