UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FINLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHERN CA. CARPENTERS PENSION TRUST FUND TRUSTEES, ET AL., BOB ALVARADO, MIKE KNAB, CHARLENE MARTINEZ, BILL FEYLING, FIELD REPRESENTATIVES RIGO LAGUARDIA LOCAL 217, SHAWN LEONARD LOCAL 2236, JAY STREETS LOCAL 405,<br><br>        Defendants. | No. 2:13-cv-1132-GEB-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

On February 4, 2015, this matter was before the court for hearing on defendants Carpenters Pension Trust Fund for Northern California (the "Pension Fund"), Carpenters Board of Trustees and its trustees Mike Knab, Bon Alvarado, and Bill Feyling, the Carpenters Fund Administrative Office of Northern California, Inc.,[1] Carpenters Health & Welfare Trust Fund, Carpenters Union Local # 22, Carpenters Union Local # 217, Rigo LaGuardia, and Jay Streets'

---

[1] Plaintiff erroneously sues Carpenters Pension Trust Fund for Northern California as "Carpenters Pension Trust Fund," and the Carpenters Fund Administrative Office of Northern California, Inc. as "Administration Office of Northern California (Gene Price)."

1

motion to dismiss plaintiff's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 70.[2] For the reasons state below, it is recommended that the motion be granted in part and denied in part.

I.      Procedural History

Plaintiff initiated this action on June 5, 2013. ECF No. 1. On September 30, 2013, the Pension Fund, Knab Alvarado, Feyling, and Charlene Martinez moved to dismiss the complaint. ECF No. 13. Plaintiff subsequently filed a motion to amend together with a first amended complaint. ECF Nos. 14, 15, 16. The amended complaint was filed within 21 days of defendants' responsive pleading, and under Rule 15(a) plaintiff was permitted to amend his compliant as a matter of course. *See* Fed. R. Civ. P. 15(a). For that reason, the motion to dismiss was denied as moot, and defendants were instructed to file a response to the first amended complaint. ECF No. 20.

On October 22, 2013, the same defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6), arguing that the Eastern District of California was not a proper venue and that the complaint failed to state a claim. ECF No. 30. In what appeared to be a duplicative motion, defendants Bob Alvarado, Mike Knab, Bill Feyling, Rigo LaGuardia, and Jay Streets moved to dismiss on the identical grounds but in their "individual" capacities. ECF No. 29. Defendants' motions were granted in part and denied in part. ECF Nos. 59, 61. The motion based on improper venue was denied, but the complaint was dismissed for failure to state a claim. *Id*.

After receiving two extensions of time, plaintiff filed his second amended complaint, incorrectly styled as a first amended complaint. ECF No. 68. The second amended complaint added three new defendants: Gene Price, Carpenters Fund Administrative Office of Northern California, Inc. ("CFAO"),[3] and the Carpenters Health & Welfare Trust Fund ("H&W Fund").

---

[2]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[3]  Plaintiff erroneously sues the Carpenters Fund Administrative Office of Northern California, Inc., as Carpenters Fund Administration Office; Gene Price

2

All defendants, with the exception of Shawn Leonard, have moved to dismiss the second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim. ECF No. 70. Plaintiff, rather than filing an opposition to that motion, filed a "Final Amended 2nd Complaint," which the court construes as a motion for leave to amend the complaint.[4] As explained below, defendants' motion to dismiss must be granted in part and denied in part. Further, plaintiff's motion to amend should be denied.

II.   Motion to Dismiss

   A.  Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

---

[4] At the time of submission of that purported third amended complaint, plaintiff no longer had the right under Rule 15(a) to file any further amended complaints without the defendants' consent or leave of the court. Fed. R. Civ. P. 15(a)(2).

The court is also cognizant of plaintiff's pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs*., 798 F.2d 1279, 1282 (9th Cir.1986).

B. Factual Allegations

Plaintiff worked as a carpenter and joined the carpenters union in San Francisco, Carpenters Local # 22, in 1978. ECF No. 68 ¶ 8. Between 1979 and 1980, plaintiff worked as a union carpenter in Palm Springs, California, before taking a short break from carpentry to work as a locksmith. *Id*. In 1982, plaintiff joined the carpenters union in San Bruno, California, and continued to work as a union carpenter without a break in service until his retirement. *Id*. ¶¶ 8, 10. As a union member, he participated in a pension plan that was governed by the Pension Fund. *Id*. ¶ 13. Plaintiff alleges that defendants wrongfully denied him benefits, and that the denial is subject to review by this court pursuant to the Employee Retirement Income Security Act ("ERISA"). *Id*. ¶ 3.

Plaintiff further alleges that he is "totally disabled" as that term is defined by the pension plan. *Id*. ¶¶ 14-15, 24. In August 2011, plaintiff submitted his Carpenters Disability Pension

4

1 Application. *Id.* ¶ 25. However, in September 2011, in response to his application, plaintiff
2 received several letters informing him that he was not eligible for certain Future Service
3 Eligibility credits ("FSE") for which he had previously been credited. The crux of plaintiff's
4 complaint is that defendants wrongfully removed the previously-granted FSE credits.

5     C. <u>Discussion</u>

6     Plaintiff brings this action pursuant ERISA, 29 U.S.C. § 1132(a)(1)(B). ECF No. 14 ¶¶ 4,
7 6. That provision of ERISA permits a plan participant to bring a claim "to recover benefits due to
8 him under the terms of the plan, to enforce his rights as a beneficiary under the terms of the plan,
9 or to clarify his right to future benefits under the terms of the plan." *Miniz v. Amec Constr.*
10 *Mgmt.*, 623 F.3d 1290, 1294 (9th Cir. 2010). A claim for denial of benefits pursuant to 29 U.S.C.
11 § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the
12 administrator or fiduciary discretionary authority to determine eligibility for benefits or to
13 construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).
14 ERISA's "statutory scheme . . . 'is built around reliance on the face of written plan documents.'"
15 *U.S. Airways, Inc. v. McCutchen*, ___ U.S. ___, 133 S.Ct. 1537, 1548 (2013) (quoting *Curtiss–*
16 *Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995)).

17     Defendants argue that plaintiff's ERISA claim must be dismissed because plaintiff has
18 failed to establish that he was wrongfully denied pension benefits under the pension plan. ECF
19 No. 70 at 7-9. While the amended complaint is not a model of clarity and is filled with
20 extraneous allegations having little relevance to the ERISA claim, plaintiff's ERISA claim can be
21 discerned from the complaint. Liberally construed, plaintiff's second amended complaint and
22 appended documents sufficiently allege an ERISA claim for judicial review of the plan
23 administrator's decision to deny or revoke the credit for employment service time under the plan
24 for which plaintiff was entitled, either because of his work in covered employment or because of
25 his period of disability.

26     Plaintiff alleges that he worked as a union carpenter between 1979 and 1980, and 1982
27 until October 2006. ECF No. 68 ¶¶ 8, 10, 24. He further contends that during his time as a union
28 carpenter he participated in a pension plan that was governed by the Pension Fund. *Id.* ¶ 13.

1  Plaintiff alleges that he became "Permanent & Stationary" in March 2010. *Id*. ¶ 22.
2  Additionally, he was found permanently disabled effective April 13, 2007, in a decision issued by
3  the Social Security Administration in July 2011. *Id*. ¶ 27.

4  In August 2001, plaintiff submitted a Carpenters Disability Pension Application. *Id*. ¶ 25.
5  In response to his application, plaintiff received "7 letters removing pension credits claiming
6  [plaintiff] was not working in covered employment prior to" his injury. *Id*. ¶ 27.  Appended to
7  plaintiff's complaint are several letters informing plaintiff that he is not eligible for certain Future
8  Service Eligibility credits ("FSE") that he was previously credited.  ECF No. 68-1, Ex. 7A-7F.
9  Specifically, the letters state that after conducting an audit of plaintiff's file, it was determined
10 that plaintiff was erroneously granted FSE credits for March through May 1991, March through
11 June 1995, August through September 1997, September  2001 through March 2002, May 2006
12 through July 2006, and March 2007 through September 2009.  *Id*.  Furthermore, citing to rule
13 6.04 of the plan, plaintiff addresses the impact being off work during a period of time due to
14 disability and specifically alleges that he is entitled to FSE credits for that time.  ECF No. 68 ¶ 19.

15 These allegations are sufficient to assert an ERISA claim that he was entitled to receive
16 FSE credits under the plan due to his disability, but that such credits were wrongfully removed in
17 violation of the plan.  Accordingly, plaintiff's current complaint is sufficient to state a claim
18 pursuant 29 U.S.C. § 1132(a)(1)(B).

19 However, as mentioned, plaintiff's complaint is cluttered with extraneous allegations that
20 appear to have no relevance to his challenge to the removal of his pension benefits.  Many are
21 simply distractions.  Others suggest that maybe plaintiff is attempting to assert some other type of
22 non-ERISA claim.  For example, plaintiff alleges that defendant Shawn Leonard wrongfully
23 demoted him on September 13, 2006. ECF No. 68 at 13.  He further claims that he complained to
24 defendant Alvarado about the demotion, but Alvarado took no action.  *Id*.  It is unclear how such
25 allegations relate to the removal of plaintiff's FSE credits.  These allegations do no more that hint
26 at other claims but do not satisfy the requirements of  *Iqbal*, *Twombly* and Rule 8(a).

27 Furthermore, while plaintiff names several defendants in this action, the complaint fails to
28 allege that defendants Price, Carpenters Health & Welfare Trust Fund, Carpenters Union Local

6

# 22, Carpenters Union Local # 217, Rigo LaGuardia, Jay Streets, Knab, and Feyling engaged in any wrongful conduct. The complaint also contains a section entitled cause of action, where plaintiff references several purported claims, including breach of contract, theft of pension credits, bad faith, fraud, collusion, and oppression. ECF No. 68 at 15-16. No factual allegations are set out in support of any such claims.[5]

As confirmed at the February 4 hearing, plaintiff brings this action to challenge the removal of his pension credits pursuant to section 29 U.S.C. § 1132(a)(1)(B). The proper defendant for such a claim is the party that has the authority to resolve plaintiff's benefits claim. *Cry v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1206-1207 (9th Cir. 2011) (holding that for liability under 29 U.S.C. § 1132(a)(1)(B), the proper defendant is any party with the authority to resolve the plaintiff's benefit claim and pay the benefits). Here, each of the letters indicating that pension credits were being removed was issued by the Carpenters Funds Administrative Office of Northern California. ECF No. 68-1, Ex. 7A-7F. Furthermore, at the hearing, defendants' counsel represented that the Pension Fund retained the authority to grant or remove pension credits. Accordingly, the court finds that the Pension Fund and the Carpenters Funds Administrative Office of Northern California are proper defendants for plaintiff's 1132(a)(1)(B) claim. As plaintiff has not sufficiently alleged any other claims for relief, the court recommends that the remaining defendants who have appeared in this action[6] be dismissed, and this matter proceed on plaintiff's ERISA claim brought pursuant to 29 U.S.C. § 1132(a)(1)(B) against the Carpenters Funds Administrative Office of Northern California and the Pension Fund.

/////

/////

/////

---

[5] Even with additional facts in support of these state law claims, it is clear they are predicated on and intended to challenge the denial of plaintiff's pension credits and are therefore preempted by ERISA. *See Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (claims requiring interpretation of the plan are preempted).

[6] Named defendant Shawn Lawrence has not appeared in this action. Defense counsel indicated at the hearing that he did not represent Lawrence.

III.     CONCLUSION

Accordingly, it is hereby RECOMMENDED that defendants' motion to dismiss, ECF No. 70, be granted in part and denied in part as follows:

1. Defendants' motion to dismiss plaintiff's 29 U.S.C. § 1132(a)(1)(B) against the Carpenters Funds Administrative Office of Northern California and Carpenters Pension Trust Fund for Northern California be denied; and

2. The motion be granted in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 18, 2015.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE