UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FINLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA and CARPENTER FUNDS ADMINISTRATIVE OFFICE OF NORTHERN CALIFORNIA,<br><br>  Defendants. | No. 2:13-cv-1132-GEB-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION** |

On May 11, 2016, forty-one days after judgment was entered in this action, Plaintiff filed a motion for reconsideration of the order granting summary judgment in favor of Defendants. (Mot. for Relief from J. ("Mot."), ECF No. 97.) Plaintiff subsequently filed three amended motions for reconsideration. (ECF Nos. 98, 99, 101.) Defendants filed an opposition brief in response to Plaintiffs' first three motions on May 27, 2016. (Opp'n to Mot. ("Opp'n"), ECF No. 100.)

**I.  MOTION FOR RECONSIDERATION**

Rule 59(e) prescribes: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a

1

motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) . . . ."). Plaintiff's motion for reconsideration was not filed within twenty-eight days of entry of judgment and is therefore not considered under Rule 59.

Alternatively, Rule 60(c) prescribes: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Since Plaintiff's motion was filed within one year of judgment it is considered under Rule 60(b), which prescribes:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is

presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Each of Plaintiff's motions is defectively filed under the Local Rules since Plaintiff has failed to notice any of them for a hearing date. See E.D. Cal. L.R. 230(b). Furthermore, Plaintiff fails to demonstrate that he is entitled to relief from the judgment. For these reasons, Plaintiff's motions for reconsideration (ECF Nos. 97, 98, 99, 101) are DENIED.

Dated:   June 3, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge